UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| JUAN B. ALMANZAR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SANTANDER BANK, N.A.,<br><br>Defendant. | Case No. 1:23-cv-10706<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>ECOA, 15 U.S.C. § 1691 *et seq.* |

## CLASS ACTION COMPLAINT

COME NOW the Plaintiff, **JUAN B. ALMANZAR**, on behalf of himself and others similarly situated, alleges the following facts in support of this Class Action Complaint against Santander Bank, N.A. (Santander).

## PRELIMINARY STATEMENT

1. This is a class action complaint prosecuted for the Defendant's violation of the Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691 *et seq.* The Defendant regularly accepts and processes consumer credit applications, extends credit, services existing credit accounts, participates in credit decisions and takes adverse actions against consumers.

2. Despite this role, the Defendant does not provide consumers with notices of adverse actions that comply with the ECOA.

3. Specifically, and by example only, when Santander Bank, N.A. decides to decline to extend credit on the terms a consumer applied for, which is an adverse action, based on a list of false reasons such as "one or more Chargeoff, Bankruptcy, Judgement (sic) or Repossession," it

1

fails to supply the ECOA-compliant reason for the denial of credit.

4. Defendant's adverse action notice does not disclose the principal, accurate or specific reasons for taking adverse actions as required under the ECOA.

5. In addition to supplying a pretextual, false, inadequate, or secondary reason instead of the true or principal reason for taking adverse action, the Defendant's adverse action notices fail to supply other mandatory disclosures required by the ECOA.

6. When consumers, such as Mr. Almanzar, receive a pretextual reason in an adverse action notice, they are left to conclude the true reason for denial of credit was based on illegal discrimination.

7. This action is brought for monetary, equitable and declaratory relief, together with costs and attorneys' fees pursuant to the Equal Credit Opportunity Act (ECOA) 15 U.S.C. §1691 et. seq., and in particular § 1691(d) and its implementing regulations 12 C.F.R. 1002.9 (Regulation B).

## JURISDICTION

8. The Court has federal question jurisdiction conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1691e.

9. Venue is proper because Defendant regularly does business in this District and Division, and also has a physical place of business in this District and Division.

## PARTIES

10. Plaintiff, Juan B Almanzar, is a natural person. Plaintiff, at all times relevant hereto was an "applicant," a "consumer," and "person" protected by the Equal Credit Opportunity Act. Plaintiff lives in Bronx, New York, which is within the geographic boundaries of the Southern District of New York, Manhattan Division.

11.     Santander Bank, N.A. is a foreign corporation organized as a retail and commercial bank with corporate offices in Boston and New York, as well as six other states. Santander maintains branches within the geographic boundaries of the Southern District of New York. Santander can be served through its registered agent, CT Corporation System, located at 28 Liberty Street, New York, NY 10005.

12.     Upon information and belief, Santander Bank, N.A. has a net worth of over $50 billion as of October 2023.

13.     Upon information and belief, Santander Bank, N.A., has assets in excess of $80 billion as of October 2023.

14.     Defendant is a "creditor" as defined by the ECOA.

15.     Plaintiff and each putative class member are "applicants" under the ECOA as defined by the implementing Regulation B, to "mean[s] any person who requests or who has received an extension of credit from a creditor, and includes any person who is or may become contractually liable regarding an extension of credit. The term "applicant" also includes guarantors, sureties, endorsers, and similar parties." 12 C.F.R. 1002.2(e).

## **FACTS**

16.     Mr. Almanzar applied for an extension of credit from Santander Bank, N.A.

17.     At the time Mr. Almanzar applied for an extension of credit from Santander Bank, N.A., he had a reputation for "good" and "excellent credit and high scores from the three major credit bureaus, Experian Information Solutions Inc., Trans Union LLC., and Equifax Information Services, LLC.

18.     In or about May of 2023, Mr. Almanzar submitted a completed application for an extension of credit from Santander.

3

19. In or about May of 2023, Mr. Almanzar received a written adverse action notice from Santander Bank, N.A. dated May 22, 2023, that read: "Thank you for your recent application. Your request for a credit card was carefully considered, and we regret that we are unable to approve your application at this time for the following reason(s): One or more Chargeoff, Bankruptcy, Judgement or Repossession. (Ex. 1)

20. The adverse action notice also notified Mr. Almanzar that Santander had used information provided by Experian that "in whole or in part influenced our decision."

21. At the time Mr. Almanzar applied for a Santander credit card, he had zero chargeoffs, bankruptcies, judgments or repossessions.

22. Mr. Almanzar requested his consumer disclosure from Experian, which he received and found that it did not disclose any such chargeoffs, bankruptcies, judgments or repossessions.

23. Thus, it is demonstrably false that Santander's denial of Mr. Almanzar's credit card application was based on a reason other than that which was communicated in the adverse action notice.

24. Upon information and belief, Santander has a process for reviewing consumer credit applications and takes adverse action on based on criteria that it did not share with Mr. Almanzar and does not share with its credit card applicants as required by the ECOA.

25. Upon information and belief, Santander made a decision to deny Plaintiff's application based on criteria that it illegally concealed from Mr. Alamanzar.

26. Upon information and belief, instead of providing the truthful and primary reason for denying credit to Mr. Almanzar, it provided a false list of reasons designed to conceal the true reason and to confuse consumers.

27. The false list of reasons may contain items that are, in fact, true for many consumers

that Santander takes adverse action against, but the list of reasons is used to illegally misinform and misdirect consumers who were actually denied for a different reason.

28. A creditor may provide a consumer with a statement of reasons in the adverse action notice itself, or it may provide the consumer with a disclosure both of his right to receive a written statement of reasons and the identity of the person from whom the written statement of reasons may be obtained. Defendant's adverse action notice did not provide either method of communicating the statement of reasons for taking adverse action against the Plaintiff.

29. The adverse action notice did not contain the credit score it received regarding the Plaintiff.

30. At the time Santander obtained Mr. Almanzar's consumer report from Experian on May 22, 2023, his Experian score was above 826, which is considered excellent. He had no bankruptcies, chargeoffs, or repossessions reporting on his Experian report.

31. Defendant knew or should have known the adverse action notice it sent to the Plaintiff was not only non-compliant with the ECOA, but that it was false.

32. Upon information and belief, Defendant knew that Plaintiff was entitled to adverse action notices because, although illegal due their pretext, Santander did provide Plaintiff with ECOA notices, complete with ECOA warnings. Once Santander sent ECOA notices to the Plaintiffs, it was obligated to send notices that were compliant with the ECOA.

33. Defendant is a large credit granting agency that extends credit to thousands of consumers each year, and knew or should have known about the requirements of Regulation B.

34. Therefore, there is no justifiable reason or good faith basis for its failure to comply with the minimum adverse action requirements of Regulation B.

35. Santander's conduct in sending the adverse action notice to Plaintiff and the class

was not a mistake. Rather, it was exactly as Santander intended.

36. The ECOA adverse action notice requirement was enacted as "a strong and necessary adjunct to the anti-discrimination purpose" of the statute and to "fulfill[] a broader need: rejected credit applicants will now be able to learn where and how their credit status is deficient and this information should have a pervasive and valuable educational benefit." S. REP. No. 94-589, at 406, 408, 1976 WL 13838, at *4, *7 (Jan. 21, 1976).

37. Upon signing of the amendment expanding the ECOA into law, President Gerald Ford issued a statement on March 23, 1976, in which he confirmed that in addition to its anti-discrimination purpose, the law "permits the Attorney General, as well as private citizens, to initiate suits where discrimination in credit transactions has occurred. It also provides that a person to whom credit is denied is entitled to know of the reasons for the denial." Presidential Statement on Signing the Equal Credit Opportunity Act Amendments of 1976, available at http://www.presidency.ucsb.edu/ws/?pid=5745 (last visited February 21, 2017). These "twin goals" of the 1976 amendment to the Act have been repeatedly recognized by the courts as the basis for the statutory requirement.

38. Santander's failure to provide an ECOA-compliant adverse action notice, which contains the principal reason for denial of credit, deprived Plaintiff of the right to information mandated by Congress to further the anti-discrimination and educational purposes of the statute.

39. Because Santander made two inquiries to obtain a consumer report from Experian to make its lending decision, these inquiries had a negative impact lowering the Plaintiff's credit score.

40. Mr. Almanzar's Experian report expressly states: "no public records" and "no collection accounts," nor are there any chargeoffs or repossessions to be found.

41. Santander's malfeasance caused a cognizable informational injury to the Plaintiff who is left baffled by the decision to deny his application for a credit card account despite the fact that he has excellent credit with all of his accounts in good standing and with exceptional payment histories emblazoned on each tradeline.

42. Plaintiff was injured because he was deprived of the information to which he was entitled to under the ECOA, which would provide him with knowledge of conduct within his control that caused Santander's decision to deny his credit application.

43. Plaintiff was injured because he was deprived of information that would have informed him whether his is the victim of illegal credit discrimination.

44. Plaintiff was injured because he did not receive the benefit of the favorable credit terms of the account, which Plaintiff could use to his financial benefit by participating in economic activity.

45. Plaintiff was injured because he suffered damage to his credit standing when Santander accessed his consumer report more than once, and then did not extend credit to him.

46. The putative class members suffered the same or similar informational and financial injury that Plaintiff suffered, which injuries the ECOA was designed to protect against.

47. Defendant failed to provide a lawful statement of reasons for its adverse action to Plaintiff and the class members as required under the ECOA.

48. This action is alleged as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and 15 U.S.C. § 1691e (a) on behalf of the following national class of individuals ("ECOA Class") initially defined as:

> (a.) All natural persons (b.) residing within the geographic confines of the State of New York, Massachusetts, New Hampshire, Connecticut, Rhode Island, New Jersey, Pennsylvania, and Delaware; (c.) who applied for an extension of credit from Santander within the five years preceding class certification; (d.) to

whom Santander did provide a notice; (e.) similar to the notices attached as Ex. 1 to the Class Complaint.

49. **Numerosity:** Upon information and belief, Plaintiff alleges the class of persons to be represented is so numerous that joinder of all members is impractical. Defendant's website states:

> Santander Bank, N.A. (SBNA) is one of the country's largest retail and commercial banks with $89.5 billion in assets. With its corporate offices in Boston, the Bank's approximately 9,000 employees and more than 2 million customers are principally located in Massachusetts, New Hampshire, Connecticut, Rhode Island, New York, New Jersey, Pennsylvania and Delaware.

50. **Typicality:** The letters mailed to Plaintiff is an obvious form letter. Plaintiff and each member of the class are entitled to information about the principal reason that an adverse credit decision was made by Santander. Plaintiff's claim is not only typical of the class, but it is likely identical to the claims of each class member for the Defendant's failure to comply with the ECOA because it likely sent identical adverse action letters, none of which stated the specific or truthful reasons for taking adverse action required by the ECOA and/or Regulation B.

51. **Commonality:** There are questions of law and fact common to the class and Plaintiff's claims are typical of the claims of all the potential class members. All are based on the same legal and remedial theories and the same reason stated in the denial letters. All are based on the simple class questions of whether Defendant failed to provide a specific and truthful statement of reasons for taking adverse action on loan applications in its adverse action notices and whether such failure violated the ECOA.

52. **Adequacy:** Plaintiff will fairly and adequately protect the interest of the class.

Plaintiffs have retained counsel who is experienced in handling class actions and litigation under the Federal Consumer Credit Protection Act. He is committed to the class and has no conflict with it. He has engaged experienced ECOA class action counsel.

53. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the controversy as to the ECOA classes. There are no individual issues that would burden or impede litigation in the aggregate. Class resolution will provide a uniform decision on the legality of the Defendant's standard process and avoid inconsistent results. Further, absent class representation, it is certain that most class members will be unaware of their rights or be able to obtain adequate legal representation to prosecute those rights for illegal adverse action notices.

54. **Predominance:** Defendant has acted or refused to act on grounds that apply generally to the ECOA class such that uniform relief is appropriate. The class claim and the relief sought in this class action predominate over any potentially individual claim a class member may have.

55. Defendant has made a conscious or reckless decision to disregard the ECOA's requirement to provide a specific statement of reasons for taking adverse action on consumer credit applications despite the plain language of the statute and the regulations promulgated by the Consumer Financial Protection Bureau. It has acted on grounds that apply to the class, so that final injunctive relief and declaratory relief will benefit the entire class.

56. Defendant has more than adequate resources to comply with the ECOA's adverse action requirements. It has violated the ECOA in a uniform way affecting thousands of consumers despite its knowledge of the adverse action notice requirements.

57. Despite the clear instructions set forth in the ECOA and Regulation B, Defendant

9

has refused to and failed to comply with the adverse action notice requirements persistently for the entire period of five years preceding the filing of this complaint.

//

## COUNT I – Equal Credit Opportunity Act
### Class Claim

58.     Plaintiff incorporates the above-alleged actions and omissions of Defendant with respect to the adverse action letter that failed to provide an adequate, truthful, primary or specific statement of reasons for taking adverse action, which violated the ECOA, 15 U.S.C. §1691(d). Defendant's conduct is uniform as to the putative ECOA class.

59.     Plaintiffs and the putative ECOA class are entitled to a declaration that Defendant's adverse action notices violate the ECOA.

60.     Plaintiffs and the putative class suffered concrete informational injuries which the ECOA was designed to address, caused by Defendant's conduct in purposely supplying a false reason and refusing to disclose the principal reason for the cancelation of credit.

61.     Plaintiffs and the putative ECOA class are entitled to equitable relief in the form of an injunction requiring Defendant to send ECOA-compliant notices to all members of the putative class, together with the other mandatory disclosures required by the ECOA.

62.     Under the ECOA, Plaintiffs and the class are entitled to equitable and declaratory relief necessary to enforce the purpose of the statute, attorneys' fees, and costs to be determined by the Court. 15 U.S.C. § 1691e.

63.     Under the ECOA, Plaintiffs and the class are entitled to statutory punitive damages up to $10,000 for each violation.

64.     WHEREFORE Plaintiffs demand judgment for equitable and declaratory relief against Defendants pursuant to the ECOA; actual and statutory punitive damages of $10,000 per

class member per violation against Defendants pursuant the ECOA; attorneys' fees and costs authorized by both the ECOA; corrective notices to all class members; and for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

**Juan B Almanzar, on behalf of himself and all similarly situated individuals,**

By: */s/ Daniel Cohen*
Daniel Cohen, NY Bar # 5481460
CONSUMER ATTORNEYS
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: (718) 770-7940
(718) 715-1750 (fax)
dcohen@consumerattorneys.com

*Attorneys for Plaintiff*
*Juan B Almanzar*