**ReedSmith**
**Driving progress through partnership**

**Casey D. Laffey**
Direct Phone: +1 212 549 0389
Email: claffey@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

February 12, 2024

**VIA ECF**

The Honorable Judge Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

**RE: *Juan B. Almanzar v. Santander Bank, N.A.*, No. 1:23-cv-10706**

Dear Judge Subramanian:

I represent and am lead trial counsel for Santander Bank, N.A. ("Santander") in the above-referenced matter. Pursuant to Your Honor's Rule 3E, we write to respectfully request an adjournment of the initial pretrial conference, currently set for February 29, 2024, and its corresponding deadline to file a joint proposed case management and scheduling order, currently due February 22, 2024. (ECF No. 6.) Santander also requests a stay of discovery pending a decision on Santander's Motion to Dismiss, dated February 12, 2024, for lack of subject matter jurisdiction and failure to state a claim.

This Court has regularly granted motions to adjourn an initial pretrial conference or to stay discovery pending the resolution of dispositive motions. *See, e.g.*, *Zunzurovski v. Finger*, No. 23-cv-04883-AS, 2023 U.S. Dist. LEXIS 187066, at *1 (S.D.N.Y. Oct. 12, 2023) (Subramanian, A.) (staying discovery and adjourning initial pretrial conference *sine die* pending decision of motion to dismiss the complaint or to compel arbitration); *Genetec, Inc. v. PROS, Inc.*, No. 1:20-cv-07959, 2021 WL 4311208, at *10 (S.D.N.Y Sept. 21, 2021) (noting adjournment of an initial pretrial conference *sine die* while resolution of a motion to dismiss was pending); *Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526, 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (staying discovery pending motion to dismiss).

"In evaluating whether a stay of discovery pending resolution of a dispositive motion is appropriate, courts typically consider: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Zunzurovski*, 2023 U.S. Dist. LEXIS 187066 at 1 (internal marks omitted).

All three factors weigh in favor of a stay.

First, Santander's Motion to Dismiss has made meritorious arguments with sound support that Plaintiff lacks standing under Federal Rule of Civil Procedure 12(b)(1) and fails to state a cause of action under Federal Rule of Civil Procedure 12(b)(6). *See Valentini*, 2021 WL 861275 at *1 (stating "Defendants have made a sufficient showing on the merits, which could potentially be dispositive, that weighs in favor of a stay").



      Second, discovery would be a waste of judicial resources while a dispositive motion is pending, especially when the dispositive motion raises questions of subject matter jurisdiction. As in here, when subject matter jurisdiction is in question at the motion to dismiss stage, allowing discovery to proceed would be especially inappropriate. *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 71 (S.D.N.Y. 2013) ("In balancing the various factors, we have been mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction."). Similarly, any discovery conducted pending a dispositive motion would place unnecessary costs onto the parties. *Zunzurovski*, 2023 U.S. Dist. LEXIS at *1 ("[W]hen a decision on a dispositive motion 'may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden.'").

      Third, a stay in discovery would provide little to no prejudice to the parties, considering "this case is in the earliest stages – the Initial Conference has yet to be held and no discovery schedule has been ordered yet." *Vida Press v. Dotcom Liquidators, Ltd.*, No. 2:22-CV-2044 (HG) (JMW), 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022).

      Accordingly, Santander respectfully requests an adjournment of the pretrial conference and corresponding deadlines, along with a stay of discovery, pending a resolution to its Motion to Dismiss. Plaintiff has declined to consent to this motion and states that he does not wish to delay discovery. This is the first time Santander seeks this request.

      We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Casey D. Laffey*

cc:    Counsel of Record (*via ECF*)

> The motion is denied at this juncture. Defendant notes that this case is in its early stages—there hasn't even been an initial conference yet. Setting a schedule for the case, negotiating the parameters of discovery, putting in place an appropriate protective order, preserving documents, and sending and receiving discovery requests (what would happen over the next month or two) aren't so burdensome that a stay is warranted. If we get to the point of voluminous document production or depositions and the motion is still unresolved, defendant can renew its application.
>
> The Clerk of Court is directed to terminate Dkt. 19.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: February 15, 2024