

**Susan Rotkis | Partner**
D: 602-807-1504
E: srotkis@consumerattorneys.com

<u>**VIA ECF**</u>

Honorable Arun Subramanian
United States District Court Southern District of New York
500 Pearl St.
New York, NY 10007-1312

**The Court will hold a hearing on this dispute on July 23, 2024, at 1:00 PM. The parties should dial in by calling +1 646-453-4442,,72064412# The Clerk of Court is directed to terminate the motion at Dkt. 38.**
**SO ORDERED.**

**Arun Subramanian, U.S.D.J.**
**Date: July 22, 2024**

**RE**: *Juan* B. Almanzar v. Santander Bank, N.A. Case No. 1:23-cv-10706-AS
**Plaintiff's Letter Motion to Compel Responses to Discovery**

Dear Judge Subramanian,

Plaintiff moves to overrule Defendant's objections to and compel immediate responses and document production to Plaintiff's written discovery.

Plaintiff served his first set of discovery requests for the production of documents on February 22, 2024. On March 25, 2024, Defendant responded with meritless general and boilerplate objections to nearly every request and produced only six pages of documents, which Plaintiff already had. In fact, Plaintiff produced the same documents: Santander's denial letter and Plaintiff's credit report. Plaintiff promptly requested a meet and confer held on April 10, 2024, wherein Defendant promised to supplement the production and respond substantively to upcoming discovery requests. However, to this day Defendant has not withdrawn its objections or supplemented its production to comply with its discovery obligations for the first set of RFPs or under Rules 26(a)(1) and 26(e). Six pages is all Defendant has produced.

On April 18, 2024, Plaintiff timely served Interrogatories, Requests for Admissions, and Second Set of Requests for Production. Defendant requested an extension of time of 15 days to respond to all of the Plaintiff's written discovery requests, to which Plaintiff agreed.[1] Instead of using the time to meaningfully respond, Defendant objected to all of Plaintiff's discovery, failed to meaningfully respond, or produce any documents, including what was previously promised. On June 25, 2024, Plaintiff requested a meet and confer within two business days and provided four available dates and times. Lead Counsel ultimately met and conferred on July 11, 2024, and July 17, 2024, in accordance with Defendant's scheduling request. Despite resolving some objections and Defendant's representation that it would respond and produce discovery requests, after the meeting the parties were at an impasse regarding the immediate need to respond and produce.

To date, Defendant has obstructed discovery through the use of general and universal boilerplate objections and failure to timely answer or produce, despite having three months in which to meaningfully participate in discovery. This has resulted in prejudice to the Plaintiff's ability to gather the evidence in the sole possession of the Defendant and which is necessary to prosecute his claim.

The discovery deadline is September 2, 2024 (Dkt. No. 25). The Court has admonished the parties that the deadlines in the case management plan will not be extended. (Dkt. No. 37). Despite

---

[1] Defendant agreed to Plaintiff's request of a 15 day extension to respond to Defendant's interrogatories.

the Court's admonition, Defendant has suggested that the parties seek an extension of the discovery deadline. Plaintiff agrees that such an extension may be necessary, but cannot serve as an alternative to solving Defendant's discovery abuse.

Counsel have endeavored to meet and confer to resolve these issues.  Counsel have thoroughly discussed Defendant's objections and lack of responses to each discovery request. Though many objections were resolved, the parties have reached an impasse regarding timely responses and  production of documents that the Defendant will not agree to respond and produce until the end of July. Defendant's position is that it is "working as quickly as possible," "thirteen days" is only a slight delay, and will produce documents "on a rolling basis." Plaintiff does not agree to wait until the end of the month or for piecemeal production on an undefined rolling basis. Defendant's conduct leaves Plaintiff insufficient time to conduct follow-up discovery before the discovery cut-off – presuming Defendant actually meaningfully responds at the end of July. *Vidal v. Annucci*, No. 9:19-CV-0429 (GLS/DJS), 2021 U.S. Dist. LEXIS 270540, *7 (N.D.N.Y. Mar. 18, 2021) (citing *Eng v. Blood*, 2008 U.S. Dist. LEXIS 54802, 2008 WL 2788894, at *9 (N.D.N.Y. July 17, 2008); Fed. R. Civ. P. 34(b)(2)(A); *see also Xiaomeng Lian v. Tuya Inc.*, No. 22-CV-06792 (JPC) (RFT), 2024 U.S. Dist. LEXIS 81437, *6 (S.D.N.Y. May 2, 2024)).

Pursuant to the Court's Individual Practices, Rule 5, Plaintiff now moves to compel discovery responses and to overrule Defendant's objections.

Lead Counsel conferences have occurred as follows:

| Date | Duration | Attorneys participating |
|---|---|---|
| 4/10/2024 | 41 minutes | Hana Yong, Susan Rotkis |
| 7/11/2024 | 1 hr 41 minutes | Hana Yong, Susan Rotkis, Meir Rubinov |
| 7/17/2024 | 1 hour (appx) | Hana Yong, Susan Rotkis, Meir Rubinov, Casey Laffey |

On July 11, 2024, Defendant rejected Plaintiff's demand to withdraw objections and/or supplement its discovery by July 16, 2024, despite the swiftly approaching deadlines and despite the prejudice to Plaintiff. Plaintiff received nothing from Defendant. In an effort to again avoid court involvement, Plaintiff requested another meet and confer on July 17, 2024. Defendant's position did not change, stating only that it could produce by the end of July and on a rolling basis. The Plaintiff believes that this conduct is disfavored gamesmanship resulting in undue delay, in contravention of the federal rules. *See Rofail v. United States*, 227 F.R.D. 53, 58 (E.D.N.Y. 2005) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683(1958)). Plaintiff apprised Defendant of an impasse on July 17, 2024.[2]

Under Fed. R. Civ. P. 26(b)(1), the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. If a party fails to produce documents as requested under Rule 34 of the Federal Rules, the party seeking discovery may move for an order compelling production. *Ramos v. City of Hartford*, No. 3:21-cv-1343 (VAB), 2023 U.S. Dist. LEXIS 69832, *5 (D. Conn. Apr. 21, 2023)

---

[2] Plaintiff has also informed Defendant that he will move for the automatic relief provided by Rule 37(c)(1) if Defendant failed to identify or produce evidence or witnesses that it may use in a motion, hearing, or at trial.

(citing Fed. R. Civ. P. 37(a)(3)). "After being served with Rule 34 discovery requests, the recipient has 30 days to respond to each requested item, objection, ***and produce responsive documents***." *Siemens Indus., Inc. v. Great Midwest Ins. Co.*, No. 1:23-cv-05046 (JHR) (SDA), 2024 U.S. Dist. LEXIS 100280, *6 (S.D.N.Y. June 4, 2024) (citing Fed. R. Civ. P. 34(b)(2)(A)-(E)) (emphasis added).

Rule 37 permits parties to seek an order compelling discovery. *Id.* (citing Fed. R. Civ. P. 37(a)(3)(iv)); *see also Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 (GBD)(SN), 2020 U.S. Dist. LEXIS 26566, *4 (S.D.N.Y. Feb. 14, 2020). In the case of such a dispute, the party resisting discovery bears the burden of showing why discovery should be denied because the Federal Rules are to be construed liberally in favor of discovery. *Id.* (citing *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009)); *see also Boudreau v. Smith*, No. 3:17-cv-589 (SRU), 2020 U.S. Dist. LEXIS 19153, *3 (D. Conn. Feb. 3, 2020) (citing *McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 30 (D. Conn. 2004)).

This action was initiated on December 8, 2024, which gave the Defendant over seven months to collect all pertinent documentation. The first document requests were propounded in February and have not been supplemented. The second document requests and other written discovery were propounded in April and have yet to be substantively responded to. *See Siemens Indus., Inc.*, 2024 U.S. Dist. LEXIS 100280, *6 (citing Fed. R. Civ. P. 34(b)(2)(A)-(E)). The discovery deadline is nigh and Defendant's violation of its statutory obligations under Rule 34 prevents the Plaintiff from discovery uniquely in possession of the Defendant. Fed. R. Civ. P. 34(b)(2)(A)-(E).

It is well-established that in blatant instances of a parties' violations of its Rule 34 obligations a Court may compel responses to discovery and production of documents. *See e.g. Blake v. Recovery Network of Programs, Inc.*, No. 3:22-cv-19 (VAB), 2023 U.S. Dist. LEXIS 22809 (D. Conn. Feb. 10, 2023); *Summerlin v. City of N.Y.*, No. 13-CV-1617 (ALC) (KNF), 2014 U.S. Dist. LEXIS 132143 (S.D.N.Y. Sep. 2, 2014); *Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85 (D. Conn. 2012)). Here, Defendant failed to timely produce documents responsive to document requests numbered 5-7, 10-12, 14-22, 26-32, 34-36, 41, 43,46, and 47. Defendant stated that it would undertake reasonable efforts to search for and produce the relevant non-privileged documents in its possession, but has thus far wholly failed to do so in violation of Rule 34 without a justifiable reason. The Court should overrule Defendant's objections, grant Plaintiff's motion to compel that Defendant immediately produce all discovery responses and documents to prevent further prejudice to the Plaintiff, and to promote the expeditious resolution of this case.

The court should also extend the Plaintiff's discovery deadline by 30 days so that he may conduct follow-up discovery, if necessary, to mitigate prejudice to Plaintiff. The additional time will make the discovery cut-off October 2, 2024. Other deadlines in the scheduling order need not be extended in order to accommodate the just resolution of Plaintiff's motion by compelling Defendant's compliance and extending the time to conduct follow up discovery.

Respectfully submitted,                                    */s/ Susan Rotkis*

cc: Counsel of Record (via ECF)

3