

**Driving progress through partnership**

**Casey D. Laffey**
Direct Phone: +1 212 549 0389
Email: claffey@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

October 3, 2024

**VIA ECF**

The Honorable Judge Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

**RE: *Juan B. Almanzar v. Santander Bank, N.A., No. 1:23-cv-10706***

Dear Judge Subramanian:

  We represent Defendant Santander Bank, N.A. ("**Santander**" or "**Defendant**") in the above-referenced matter. Pursuant to Your Honor's Individual Practices in Civil Cases Rule 11.C, Santander respectfully seeks leave to file under seal certain exhibits, specifically (1) Exhibits 9, 10, 13, 14, and 15 of the Laffey Declaration dated October 3, 2024, and (2) Exhibits 1, 2, 4, 5, and 6 of the Macedo Declaration dated October 3, 2024. Santander respectfully also seeks to file redacted portions of the Memorandum of Law, the Statement of Material Facts Pursuant to Local Civil Rule 56. 1, the Macedo Declaration, and Exhibits 11 and 12 (Plaintiff's Deposition Transcripts) of the Laffey Declaration, in connection with Defendant's Motion for Summary Judgment dated October 3, 2024. In accordance with Your Honor's Rule 11.C(i), Defendant met and conferred with Plaintiff, who has consented to this request.

  The information Santander seeks to protect are narrowly tailored and have been marked as confidential pursuant to the Protective Order (ECF No. 31). Santander respectfully requests two categories of information for protection.

  First, Santander seeks to protect information that Plaintiff has marked as confidential due to being "of a personal or intimate nature" as related to his child support enforcement history and financial history (ECF. No. 31 ¶ 2(d)). Under this category, Santander seeks to protect information regarding Plaintiff's credit reports, letter to Experian, as well as nonpublic court and government documents related to Plaintiff's child support enforcement account contained in Exhibits 9, 10, 13, 14, and 15 of the Laffey Declaration.

  Second, Santander seeks to protect information that it has marked as confidential under the Protective Related because they are nonpublic and sensitive information related to "previously nondisclosed business plans, product development information, or marketing plans" (ECF. No. 30 ¶ 2(c)) as it relates to Santander's internal operating policies and procedures, credit card product, and other confidential information contained within Exhibits 1, 2, 4, 5, and 6 of the Macedo Declaration.



"Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Courts must "balance competing considerations against [this right of public access.]" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Courts routinely exercise the power to seal in order to protect competitively sensitive business information, including internal policies and procedures. *See, e.g.*, *FTC v. Vyera Pharms., LLC*, No. 20cv00706, 2020 WL 5569713, at *2 (S.D.N.Y. Sept. 17, 2020) (permitting redaction of "commercially and competitively sensitive nonpublic information" in pleadings); *Blain v. State Univ. of New York Downstate Med. Ctr.*, No. 22-CV-3022, 2023 WL 1967528, at *2 (E.D.N.Y. Feb. 13, 2023) ("SUNY Downstate also has an interest in complying with its own policies, which are dictated by federal regulations, and which require SUNY to keep any potential internal proceeding confidential. Here, the privacy interests in filing the letter in question under seal outweigh the presumption of public access and therefore the Defendant's motion to file its letter under seal is granted.")

Here, the information sought to be sealed contains confidential and internal policies and procedures concerning Santander's credit card product, if accessed by Defendant's competitors, would allow the competitors to gain an improper and unfair competitive advantage. *Sam Dyer & Smr Dyer Farms LLC, v. Agri-Mark, Inc.*, 2022 WL 195062, 2022 U.S. Dist. LEXIS 13838, at *4 (N.D.N.Y. Jan. 21, 2022) (granting a motion to seal "internal policies and procedures"). Furthermore, good cause exists to seal these documents given the sensitive nature of Defendant's position in the banking industry. If the information that Defendant seeks to redact were disclosed publicly, Defendant would experience financial harm and competitive disadvantage because Defendant's competitors would have access to business strategies and policies that are otherwise nonpublic. *See Standard Inv. Chtd., Inc. v. NASD*, No. 07 cv.2014, 2008 WL 199573, at *8 (S.D.N.Y. Jan. 23, 2008) (granting protective order for documents that "could cause" the party "significant competitive disadvantage"). As is the case here, sealing is proper for business documents provided in Exhibits 1, 2, 4, 5, and 6 of the Macedo Declaration, which all disclose nonpublic information regarding Santander's internal policies and procedures as it relates to its credit card product, which otherwise "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citations omitted).

Santander, however, is mindful about the presumption of the public's right to access judicial records. Therefore, Defendant also seeks permission to file on the public docket a copy of the Memorandum of Law, Statement of Material Facts Pursuant to Local Civil Rule 56.1, the Macedo Declaration, and Exhibits 11 and 12 (Plaintiff's Deposition Transcripts) of the Laffey Declaration in support of Santander's Motion for Summary Judgment, along with redactions of references to the aforementioned confidential information. Federal courts in New York have viewed the filing of redacted copies of briefs to the public record that remove all confidential information while filing under seal the unredacted briefs with confidential information as a sufficient compromise between the public's right to access judicial records and the need to keep certain information confidential. *See e.g.*, *Patel v. Long Island Univ.*, No. 17-CV-2170, 2023 WL 6282845, at *9 (E.D.N.Y. July 31, 2023) (granting motion to seal where the moving party sought to file under seal an unredacted copy of its motion and file on the public docket a redacted copy omitting confidential information).

For the foregoing reasons, we respectfully request that the Court issue an order: (1) sealing Exhibits 9, 10, 13, 14, and 15 of the Laffey Declaration dated October 3, 2024, and Exhibits 1, 2, 4, 5, and 6 of the Macedo Declaration dated October 3, 2024, and (2) granting leave for Santander to file redacted portions

October 3, 2024
Page 3

ReedSmith

of the Memorandum of Law, the Statement of Material Facts Pursuant to Local Civil Rule 56. 1, the Macedo Declaration, and Exhibits 11 and 12 (Plaintiff's Deposition Transcripts) of the Laffey Declaration, in connection with Defendant's Motion for Summary Judgment dated October 3, 2024.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Casey D. Laffey*

Casey D. Laffey

cc:   Counsel of Record (*via ECF*)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 47.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 7, 2024