

**Casey D. Laffey**
Direct Phone: +1 212 549 0389
Email: claffey@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

October 9, 2024

**VIA ECF**

The Honorable Judge Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

**RE: *Juan B. Almanzar v. Santander Bank, N.A.*, No. 1:23-cv-10706**

Dear Judge Subramanian:

  We represent Defendant Santander Bank, N.A. ("**Santander**" or "**Defendant**") in the above-referenced matter. Pursuant to Your Honor's Individual Practices in Civil Cases Rule 11.C, and upon Plaintiff's notification on Friday, October 4, 2024 for Santander to file a letter explaining the need to seal Exhibit M (ECF No. 62-1) to Plaintiff's summary judgment motion (ECF No. 49), Santander respectfully seeks leave to file this exhibit under seal.

  Santander seeks to protect this exhibit, which it has marked as confidential pursuant to the Protective Order, because it contains nonpublic and sensitive information related to "previously nondisclosed business plans, product development information, or marketing plans" as it relates to Santander's internal operating policies and procedures and credit card product. ECF. No. 31 ¶ 2(c).

  "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Courts must "balance competing considerations against [this right of public access.]" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Courts routinely exercise the power to seal in order to protect competitively sensitive business information, including internal policies and procedures. *See, e.g.*, *FTC v. Vyera Pharms., LLC*, No. 20cv00706, 2020 WL 5569713, at *2 (S.D.N.Y. Sept. 17, 2020) (permitting redaction of "commercially and competitively sensitive nonpublic information" in pleadings); *Blain v. State Univ. of New York Downstate Med. Ctr.*, No. 22-CV-3022, 2023 WL 1967528, at *2 (E.D.N.Y. Feb. 13, 2023) ("SUNY Downstate also has an interest in complying with its own policies, which are dictated by federal regulations, and which require SUNY to keep any potential internal proceeding confidential. Here, the privacy interests in filing the letter in question under seal outweigh the presumption of public access and therefore the Defendant's motion to file its letter under seal is granted.")

  Here, like the exhibits Santander has requested to file under seal (ECF 47) in its own Summary Judgment Motion (ECF 48), the information sought to be sealed contains confidential and internal policies and procedures concerning Santander's credit card product, if accessed by Defendant's competitors,

October 9, 2024
Page 2



would allow the competitors to gain an improper and unfair competitive advantage. *Sam Dyer & Smr Dyer Farms LLC, v. Agri-Mark, Inc.*, 2022 WL 195062, 2022 U.S. Dist. LEXIS 13838, at *4 (N.D.N.Y. Jan. 21, 2022) (granting a motion to seal "internal policies and procedures"). Furthermore, good cause exists to seal these documents given the sensitive nature of Defendant's position in the banking industry. If the information that Defendant seeks to redact were disclosed publicly, Defendant would experience financial harm and competitive disadvantage because Defendant's competitors would have access to business strategies and policies that are otherwise nonpublic. *See Standard Inv. Chtd., Inc. v. NASD*, No. 07 cv. 2014, 2008 WL 199573, at *8 (S.D.N.Y. Jan. 23, 2008) (granting protective order for documents that "could cause" the party "significant competitive disadvantage").

For the foregoing reasons, we respectfully request that the Court issue an order sealing Exhibit M (ECF 62-1) to Plaintiff's summary judgment motion.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Casey D. Laffey*

Casey D. Laffey

cc:     Counsel of Record (*via ECF*)

SO ORDERED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 66.

Arun Subramanian, U.S.D.J.
Date: October 9, 2024