Susan Rotkis | Partner
D: 602-807-1504
E: srotkis@consumerattorneys.com



**VIA ECF**
Honorable Arun Subramanian
United States District Court Southern District of New York
500 Pearl St, New York, NY 10007-1312

**RE**:   *Juan* B. *Almanzar v. Santander Bank, N.A.* Case No. 1:23-cv-10706-AS
Plaintiff's Letter Motion for Rule 37(c)(1) Sanctions

Dear Judge Subramanian,

    Plaintiff moves for the sanction of exclusion automatically available under Fed. R. Civ. P. 37(c)(1) when a party fails to timely disclose or respond to discovery, then uses the evidence or witness in a motion, hearing or at trial. Specifically, Plaintiff seeks to preclude Defendant's use in any motion or at trial (a.) any witness or document not disclosed in its original mandatory disclosures under Fed. R. Civ. P. 26(a)(1); (b.) any document not timely produced or not disclosed in response to written discovery or pursuant to Rule 26(e).

    Plaintiff's lead counsel Susan M. Rotkis and associate Meir Rubinov met and conferred with Defendant's counsel Hyuna Yong on the subject matter of this motion on Wednesday, April 10, 2024, at 1:00 p.m. for approximately 20 minutes. Susan M. Rotkis and Meir Rubinov met and conferred with Defendant's lead counsel Ian Turetsky and Hyuna Yong on Wednesday October 16, 2024, at 12:00 noon for approximately 20 minutes. On April, 4, 2024, Plaintiff informed the Defendant in writing that its failure to comply with Rule 26(a)(1) and 26(e) would result in the filing of a Rule 37(c)(1) motion. (Ex. 1, email from Rotkis to Yong); Ex. 2, Def's Rule 26(a)(1) disclosure; Ex. 3-4, Def's Rule 26(e) supplemental disclosures; Ex. 5 Def's untimely supplement.

    Under Rule 37(c), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Goolden v. Wardak*, 2024 U.S. Dist. LEXIS 84818, *10 (S.D.N.Y. May 8, 2024) (citing Fed. R. Civ. P. 37(c)). "The purpose of the Rule 37(c)(1) exclusion is 'to prevent the practice of 'sandbagging' an opposing party with new evidence,' especially when, new evidence is submitted for the purpose of precluding summary judgment in favor of Plaintiff or granting summary judgment in favor of the Defendant. *See Madoff Inv. SEC LLC v. Picard ( In re Bernard L.)*, 2022 U.S. Dist. LEXIS 202690 (S.D.N.Y. Nov. 7, 2022)).

    Additionally, the disclosure of documents after the discovery cut-off period alone suffices to preclude a post-discovery reliance. *D'Attore v. New York City*, 2014 U.S. Dist. LEXIS 181939, *21 (S.D.N.Y. Sep. 24, 2014).

    When determining whether to exclude such evidence, courts should consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Madoff Inv. SEC LLC*, 2022 U.S. Dist. LEXIS 202690 at *8 (citing *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008)). A bad faith violation of Rule 26 is not required in order to exclude evidence pursuant to Rule 37. *See Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)).

**I.     ARGUMENT**
**A.  <u>Defendant Failed to Timely Disclose Evidence Used in Its Motion for Summary Judgment.</u>**

    Defendant relied upon witness testimony and substantial information that it knew about and

possessed since the inception of the case, but failed to timely disclose to Plaintiff. The discovery deadline was September 2, 2024. Dkt. No. 25. Not until September 13, 2024, did Santander produce the Plaintiff's loan application and adverse action notice, which it had always known about and had been specifically requested in discovery.  Ex. 6, Def's Resp. to Pl's First Request for Prod. of Docs. 1 & 2; Ex. 7, Def.'s Resp. to Pl's Second Request for Prod. of Docs. 6, 10-12, 47.  It was not until it moved for summary judgment did Santander utilize a never-disclosed witness, Ryan Trask, depriving Plaintiff of any opportunity to depose her, craft appropriate discovery, and rebuttal evidence. Dkt. Nos. 50, 50-1 & 50-2.

Defendant did not provide the witness or evidence as required by Rule 26(a)(1)&26(e), or to the following requests for production (Exs. 6-7):

1. *Produce all documents that the You have identified in Your R. 26(a)(1) and (e) disclosures.*
2. *Produce all documents that You may introduce in support of a motion, in a hearing, or at trial.*
6. *Produce all documents relating to or which you contend support any of Your Affirmative Defenses or factual defenses raised by You in this matter*
10. *Produce all documents containing all information upon which you relied in making a decision about whether to grant the Plaintiff credit.*
11. *Produce all communications between the Plaintiff and You, including any applications for credit in any form, audio files and/or recordings, transcripts of audio files and/or recordings, consumer contact history, telephone and/or call logs, notes referencing and/or documenting those communications, notifications, letters, emails, alerts, text messages, and chat messages regarding Plaintiff's credit application(s) and/or Your decision to deny credit to Plaintiff and/or to revoke credit from Plaintiff which You previously extended.*
12. *Produce a complete copy of all information in Plaintiff's file with You as of the date of this request, including the documents pertaining to the credit application(s) of Plaintiff, including Plaintiff's credit application(s).  This includes any instructions, notes, and correspondence pertaining to the Plaintiffs' credit application electronically stored in any database or files.*
47. *Produce all information You obtained about the Plaintiff from any source prior to the filing of this lawsuit.*

Moreover, Defendant relied extensively on this evidence throughout its summary judgment brief. Defendant cited this information in its statement of facts in support of its summary judgment motion. See Def.'s Statement of Facts in Supp. of Mot. for Summ. J. ¶¶ 113–19, Dkt. No. 61;Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J. at 17 (of 30), Dkt. No. 63.

### B. The Four Dispositive Factors Compel Exclusion of the Cited Evidence

#### 1. The Importance of the Testimony and the Documents Untimely Introduced And Plaintiff's Prejudice If They Are Not Excluded

Defendant's reliance on Trask's testimony and the untimely produced documents underscores that Defendant clearly deems this evidence essential to supports its narrative that the case was fabricated, poorly investigated, and without merit. The Trask affidavit, in particular, reinforces the claim that a loan application was submitted, which information it embargoed from Plaintiff during discovery.  Plaintiff did not have a copy of the loan application. Defendant's late disclosure of these materials is used to unfairly prejudice the Court against the Plaintiff and Plaintiff's counsel to potentially undermine their adequacy to lead the class.

Exclusion is further warranted because this evidence is not crucial to the core issues in Plaintiff's claim or even remotely relevant to Defendant's defenses. Plaintiff's loan application does not affect the elements of Plaintiff's Section 1691(d)(3) claim or his standing to bring a claim based on a credit application. The existence of a separate loan application has no bearing on Defendant's statutory obligations under Section 1691(d)(3) to provide the actual, specific, and predominant reasons for the denial of the credit

card application. Additionally, this evidence does not support Defendant's asserted defenses, such as inadvertent error on the credit application, because the submission of a distinct loan application does not excuse Santander from compliance with ECOA obligation regarding Plaintiff's credit application. Therefore, the untimely disclosed materials offer no meaningful contribution to either party's claims or defenses, favoring exclusion. See *Yien-Koo King v. Wang*, No. 14-cv-7694 (LJL), 2021 U.S. Dist. LEXIS 220409, at *6 (S.D.N.Y. Nov. 15, 2021) (indicating that exclusion is favored if the evidence does not support a claim or defense presented).

The prejudice caused by Defendant's late disclosures is severe, depriving Plaintiff of the opportunity to depose or cross-examine Trask to test the accuracy of her testimony. Plaintiff is thus unable to challenge or clarify the facts he presents. Without timely disclosure, Plaintiff was prevented from reconciling any differences between his own testimony—wherein he stated he did not apply for a credit card or suffer harm from an adverse action notice—and the newly-revealed loan application that Santander had all along. *See e.g. IBM Corp. v. Micro Focus (US), Inc.*, 2024 U.S. Dist. LEXIS 90416, *12-*13 (S.D.N.Y. May 17, 2024) (Prejudice results from belated disclosures foreclose the development of the case). Moreover, Defendant's failure to disclose this information timely denied Plaintiff the ability to realize that two credit applications were submitted, structure his deposition strategy accordingly, and clearly sort out in Plaintiff's mind which damages pertained to each application preventing the confusions in the evidential records that occurred in this instance. *Id*. Plaintiff was also deprived of the opportunity to conduct additional discovery, incorporate these facts into his deposition scripts and moving papers, or impeach Trask's credibility. Defendant's improper reliance on this undisclosed information unfairly prejudices Plaintiff by distorting the record and presenting a misleading narrative that the case is a sham or poorly investigated. This severely undermines the integrity of the proceedings and warrants exclusion of the evidence.

### 2. A Continuance Would Not Cure The Issues Presented In This Untimely Disclosure And Introduction Of Evidence.

The possibility of a continuance does not mitigate the prejudice caused by Defendant's late disclosures because the Plaintiff crafted discovery around the Defendant's initial disclosures and representation to the Court that it would produce everything that was requested. Discovery has already closed and dispositive motions have been filed. Reopening discovery, prolonging the litigation, and imposing significant additional costs on Plaintiff only rewards the Defendant for its discovery abuse. More importantly, it would not restore Plaintiff's lost opportunity to prepare adequately for Trask's testimony or to investigate the existence of the loan application during the original discovery period. Plaintiff was denied the chance to understand that two separate credit applications were submitted, which would have allowed him to testify accurately and avoid the need for post-deposition errata clarifications. Defendant's delay irreparably undermined Plaintiff's ability to structure his case from the outset, impacting both strategy, establishing Plaintiff's credibility, and attacking Defendant's credibility.

### 3. The Defendant's Justification For The Delay Will Not Warrant This Court To Abstain From Precluding This Untimely Disclosed Evidence

The Defendant must show that its failure to disclose was harmless or justified. Even so, at best, this represents a careless oversight, and at worst, it reflects deliberate gamesmanship. Either way, it wasn't harmless or justified because the Plaintiff was prevented from Regardless, the overwhelming weight of the factors—including the irrelevance of this information to the substantive claims at issue, the prejudice to Plaintiff caused by its inclusion, and the inadequacy of a continuance to remedy these issues—compels exclusion.

Plaintiff respectfully requests that the Court exclude the untimely disclosed loan application and adverse action notice as well as the testimony of Ryan Trask. Accordingly, Plaintiff requests that the Court preclude Defendant from using these materials in any motion, hearing, or at trial.

             Respectfully submitted,
             */s/ Susan Rotkis*
             */s/ Meir Rubinov*
             cc: Counsel of Record (via ECF)

After considering the relevant factors, the Court finds that exclusion is not warranted. First, Santander has a good explanation for not producing the loan application and denial letter earlier: both parties thought this case was only about Almanzar's credit card application and denial letter, and both parties sought to limit discovery to those issues by properly objecting to the other side's interrogatory requests. For example, Almanzar himself objected to Santander's request for information about any loan applications as overly broad. It wasn't until Almanzar's deposition, which occurred after the close of discovery at Almanzar's request, that the loan became relevant. In the deposition, Almanzar introduced the theory that he meant to apply for a loan, but mistakenly submitted a credit card application. At that point, says Santander, it timely produced the loan application and denial letter as relevant evidence to rebut Almanzar's theory that he was mistaken by showing that he submitted a separate loan application. Second, although this evidence isn't crucial to Almanzar's claims, it's squarely responsive to Almanzar's "loan-confusion" theory, as Santander calls it, and Santander is entitled to defend itself on that ground. Third, the Court sees no real prejudice to Almanzar. Almanzar cites the need to depose Ryan Trask to confirm the accuracy of his testimony, but it's not clear that there are any facts in dispute. Trask is the Director of Unsecured Consumer Personal Loans at Santander Bank and submitted an affidavit to authenticate the loan application and loan denial letter. Unless Almanzar is claiming that the bank fabricated these documents, there's not much to dispute. For that reason, the Court finds that a continuance is unnecessary. But if Almanzar has a good-faith belief that additional discovery is necessary to authenticate the loan application and denial letter, he can make an additional application to the Court.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 89.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: January 17, 2025